WAYNE ERNEST WHAM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wham v. Commissioner
Docket No. 10680-83.
United States Tax Court
T.C. Memo 1985-625; 1985 Tax Ct. Memo LEXIS 6; 51 T.C.M. (CCH) 162; T.C.M. (RIA) 85625; December 26, 1985. Wayne Ernest Wham, pro se. Willard N. Timm, Jr., for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's income tax and additions to tax for the years and in the amounts as follows: Deficiencies
Additions to Tax,
in
I.R.C. 1954
Years
Income Tax
Sec. 6653(a) [1]
1979
$1,929.38
$142.99
1980
1,474.00
73.70
1981
1,593.00
79.65
*7 Some of the issues raised by the pleadings have been disposed of by agreement of the parties, leaving for our decision only (1) whether petitioner is entitled under the provisions of sections 104(a) or 105(d) to exclude from his gross income amounts received as civil service retirement payments in 1979, 1980 and 1981; and (2) whether the underpayments of tax by petitioner in 1979, 1980 and 1981 are due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, who resided in Greenville, South Carolina, at the time of the filing of his petition in this case, incorrectly filed a joint Federal income tax return for the calendar year 1979 with his former wife, from whom he was divorced in November of that year, and individual Federal income tax returns for the calendar years 1980 and 1981 with the Internal Revenue Service Center, Chamblee, Georgia. Petitioner was employed by the United States Postal Service (formerly the United States Post Office) from 1968 to January 17, 1977. Petitioner, prior to January 1977, had been suspended from his *8 job several times by the Postal Service on the basis that he excessively used sick leave. On January 17, 1977, petitioner was dismissed from his position with the United States Postal Service on the ground of excessive leave usage. At the time in 1977 when petitioner was discharged, he was physically able to handle the duties of the position he had held with the Postal Service. Petitioner appealed his dismissal by the Postal Service to the Office of Personnel Management's Merit System Protective Board (OPM) and shortly after filing this appeal filed for disability retirement with the Postal Service. About a month after filing for disability retirement with the Postal Service, petitioner submitted a claim to the United States Department of Labor for Workman's Compensation on the ground that his disability was job-related. On June 29, 1979, OPM overturned petitioner's dismissal and ordered the Postal Service to cancel that dismissal and restore petitioner to his former position or to one of like pay, grade and status. The then Civil Service Commission's Bureau of Retirement approved petitioner's application for disability retirement, and petitioner never actually returned to work *9 for the Postal Service. Petitioner received notification from the then Civil Service Commission that his disability retirement was approved commencing January 18, 1977. He was awarded $1,860 in advanced special pay and an additional $8,751.53 in 1979. These two payments, after deduction of health benefits of $1,104.37, represented disability compensation to petitioner from January 18, 1977, to March 1, 1979. In 1979, petitioner received a total of $14,514 in disability pension payments from the then Civil Service Commission. Of this amount, $4,874 represented amounts petitioner had previously contributed as an employee contribution toward his pension. During the year 1980, petitioner received $6,405 from the then Civil Service Commission in disability pension payments, and in 1981 received $7,089 as such payments. In 1979, petitioner earned income in addition to his civil service retirement payments of $3,710.63 from work as a shop worker. In 1980, petitioner earned $9,011.42 in income in addition to his civil service retirement payments working in the field of electrical delivery. In 1981, petitioner earned $9,163.49 in addition to his civil service retirement payments *10 in this same occupation. Petitioner's claim for Workman's Compensation filed with the Department of Labor was denied and petitioner has appealed five times from this denial and all of these appeals have been denied. Petitioner did not report any of the payments he received as disability retirement pay from the then Civil Service Commission as income on his income tax returns for 1979, 1980 and 1981. Respondent in the notice of deficiency determined that the amounts received by petitioner as retirement payments from the then Civil Service Commission were taxable in full to petitioner. [2]
OPINION Section 104(a), insofar as here pertinent, provides that amounts received under the Workman's Compensation Act as compensation for personal injuries or sickness are excludable from gross income.Section 105(d), insofar as here pertinent, provides for the exclusion of certain disability payments. [3] With limitations *11 stated therein, this section provides for the exclusion from taxable income of amounts received as disability retirement pay if the taxpayer, when he retired, was permanently and totally disabled. Respondent takes the position that petitioner's disability payments were not Workman's Compensation and in fact that petitioner's claim for Workman's Compensation was denied and on appeal again denied several times. Respondent takes the further position that since petitioner was not permanently and totally disabled when he retired, or in fact at any time thereafter, he is not entitled to exclude any portion of his disability retirement payments from income under *12 section 105(d). Petitioner's position is far from clear. However, as we can best discern his contentions, they are that if at some future time his appeal to the Labor Department may be granted, he may be allowed Workman's Compensation. Petitioner states that if at some later date his claim for Workman's Compensation was allowed, he would have a right to elect from the date of his retirement to take Workman's Compensation in lieu of his civil service retirement. Petitioner states that if he elected to take Workman's Compensation, OPM would be reimbursed for the retirement pay. Apparently petitioner claims that since some day one of his appeals to the Labor Department might be sustained, we should conclude that the retirement payments he received from the then Civil Service Commission are excludable under section 104(a). Apparently petitioner takes the further position that he has established that his disability was work-related and since his disability was work-related, he should be entitled to exclude his disability payments under section 105(d) even though he was not totally and permanently disabled at the time of his retirement. In answer to petitioner's first contention, *13 it is clear that during the years here in issue the payments petitioner received were not Workman's Compensation payments but disability retirement payments from the then Civil Service Commission. Since only payments made under the Workman's Compensation Act are excludable under section 104(a)(1), it is completely clear that petitioner is not entitled to exclude his disability retirement payments under this section of the Code. In our view it is equally clear that petitioner is not entitled to exclude any portion of his disability retirement payments under section 105(d). Petitioner does not contend that he was permanently and totally disabled at the time of his retirement from the Postal Service. In fact, he has stipulated that he was not. Rather, petitioner's contention is that since his disability was job-related, the provision that he be permanently and totally disabled should not be applicable to him. In the first place, petitioner has not shown on this record that his disability was job-related. However, and more importantly, there is no exception in section 105(d) for a job-related disability. That section specifically requires that the taxpayer be permanently and totally *14 disabled at the time of his retirement in order to be allowed to exclude retired pay from income. ; , affd. per curiam . Not only does petitioner concede that he was not permanently and totally disabled at the time of his retirement, the record is clear that he was not. In fact, the record shows that in each of the years here in issue petitioner was gainfully employed. Therefore, on the basis of this record, we conclude that petitioner is not entitled to exclude any portion of the disability retirement payments he received under either section 104(a) or section 105(d) or any other section of the Code, with the exception of the exclusion of amounts petitioner had paid into the retirement fund while he was employed by the Postal Service, which respondent has conceded is excludable. Petitioner has made no showing that some portion of his underpayment of tax was not due to negligence or intentional disregard of rules and regulations. The burden to show error in respondent's determination of an additionl to tax under section *15 6653(a) is on petitioner. We therefore sustain the additions to tax determined by respondent. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩
2. Respondent at the trial conceded that petitioner was entitled to exclude from his income for 1979 the amount of $4,874 which represented amounts petitioner had paid in as contributions toward his retirement to the civil service retirement fund during his employment.↩
3. Sec. 105(d) provides in part as follows: (d) Certain Disability Payments.-- (1) In general.--In the case of a taxpayer who-- (A) has not attained age 65 before the close of the taxable year, and (B) retired on disability and, when he retired, was permanently and totally disabled, gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of permanent and total disability.↩